UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

PRISCILLA McCRIGHT, ET AL          CIVIL ACTION NO. 14-cv-2237

VERSUS                             JUDGE HICKS

SMITH & NEPHEW, INC.               MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

**Report and Recommendation Withdrawn**

Priscilla McCright suffered serious complications after surgery. She and her husband ("Plaintiffs") filed this products liability action in state court against Smith & Nephew, the manufacturer of a wound vac that was used during treatment. Smith & Nephew removed the case based on diversity jurisdiction.

At about the same time, Plaintiffs filed a medical review panel proceeding against the two physicians (Dr. Howell and Dr. Banda) and hospital (Willis-Knighton Bossier Health Center) who provided the treatment. The review panel process is a Louisiana-law prerequisite to filing a medical malpractice suit in court.

The parties to this suit began conducting discovery, but no trial date was set. The medical review panel issued its decision, which allowed Plaintiffs to file suit on their medical malpractice claims. Plaintiffs then filed a Motion for Leave to File Amended Complaint (Doc. 14) to add malpractice claims against the two physicians and the hospital. The proposed amended complaint would also add (1) a new products liability claim against the

manufacturer (Acelity, L.P., Inc.) of a KCI brand wound vac that was also used in the treatment and (2) and the company (Universal Hospital Services, Inc. or "UHS") that leased the two wound vacs to the hospital.

All parties originally briefed the motion for leave to amend as if Plaintiffs were Louisiana citizens and the addition of the Louisiana healthcare providers would destroy diversity. The undersigned accepted those representations and issued a Report and Recommendation that recommended leave be granted, despite the lack of diversity, and the case be remanded for lack of subject-matter jurisdiction. The rationale was that Plaintiffs were not to blame for the delay in adding the healthcare providers because Plaintiffs were required by law to first complete the medical malpractice review process. The court did not address the proposed addition of claims against Acelity and UHS because it had already been determined that remand was in order.

Smith & Nephew filed an objection to the Report and Recommendation and stated that it had recently come to its attention that all parties had mistakenly briefed the issue as if Plaintiffs were citizens of Louisiana when they were actually citizens of Texas. A review of the state court petition and the notice of removal shows that they both allege that Plaintiffs are domiciled in and, thus, citizens of Texas. That means the addition of the Louisiana healthcare provider defendants (assuming they are actually Louisiana citizens) will not destroy diversity, and the prior briefs and recommendation were largely a waste of time. The citizenship of Acelity and UHS is not alleged with certainty in the proposed amended

complaint. Smith & Nephew states, on information and belief, that Acelity is a Texas corporation with its principal place of business in Texas, so its addition as a defendant would destroy diversity. In light of these developments, the **Report and Recommendation (Doc. 21) is withdrawn**.

**Motion for Leave to Amend**

The court now revisits the Motion for Leave to File Amended Complaint (Doc. 14). A court "should freely give leave when justice so requires." F.R.C.P. 15(a). The Fifth Circuit interprets Rule 15 as having a heavy bias in favor of granting leave. "[U]nless there is a substantial reason, such as undue delay, bad faith, dilatory motive, or undue prejudice to the opposing party, the discretion of the district court is not broad enough to permit denial." Martin's Herend Imports v. Diamond & Gem Trading, 195 F.3d 765 (5th Cir. 1999).

If the proposed amendment would destroy jurisdiction, the court's decision is guided by the factors set forth in Hensgens v. Deere & Co., 833 F.2d 1179 (5th Cir. 1987). Although leave to amend is ordinarily freely granted, Hensgens instructs that when a district court is faced with an amendment that adds a non-diverse party it "should scrutinize that amendment more closely than an ordinary amendment." Id. at 1182.

The motion for leave was filed within the deadline set by the court (Doc. 13), and it appears that the proposed addition of the healthcare defendants does not present a risk of destroying diversity. The case has seen some discovery, but it is still relatively early in the litigation process. Smith & Nephew will not suffer any unreasonable harm if the new

defendants are added. Plaintiffs and the judicial system will benefit from having one suit instead of two; there will be a saving of judicial and party resources, and there will be a reduced risk of inconsistent verdicts or problems with defendants in one suit attempting to cast blame on parties that are not in the same suit with them.

For these reasons, the court is willing to allow Plaintiffs to add the physicians and hospital if their citizenship is alleged with specificity and that does not destroy diversity. The court is unsure of the citizenship of the other two proposed defendants, Acelity and UHS, so the **Motion for Leave to File Amended Complaint (Doc. 14)** is **denied** as now presented, but without prejudice to resubmitting it no later than **March 11, 2016** in accordance with the instructions given herein regarding the proper allegation of the citizenship of any new defendants.

**Instructions for Citizenship Allegations**

The current parties are Plaintiffs (Texas) and Smith & Nephew, Inc. (Delaware and Tennessee). Plaintiffs' proposed amended complaint would name new defendants Dr. Michael Banda, Dr. James Howell, and Willis-Knighton Bossier Health Center, but it does not allege the citizenship of any of those parties.

If Plaintiffs proposes a new amended complaint, it must allege with specificity the state in which each individual defendant is domiciled. It is domicile rather than mere residency that decides citizenship for diversity purposes. Great Plains Trust Co. v. Morgan Stanley, 313 F.3d 305, 310 n. 2 (5th Cir. 2002).

Plaintiffs must also allege with specificity the legal form (corporation, partnership, etc.) of the Willis-Knighton hospital entity and allege its citizenship in accordance with the rules that apply to that form of entity. If it is a corporation, it is deemed to be a citizen of (1) the state in which it was incorporated and (2) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). The pleading must state both with specificity. Howery v. Allstate Ins. Co., 243 F.3d 912, 919 (5th Cir. 2001); Joiner v. Diamond M Drilling Co., 677 F.2d 1035, 1039 (5th Cir. 1982).

If the hospital is an LLC, partnership, or other unincorporated association, its citizenship is determined by looking to the citizenship of all of its members, with its state of organization or principal place of business being irrelevant. Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077 (5th Cir. 2008). If the members are themselves partnerships, LLCs, corporations or other form of entity, their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members or partners there may be. Feaster v. Grey Wolf Drilling Co., 2007 WL 3146363 (W.D. La. 2007). The court has explained the need for such detail in cases such as Burford v. State Line Gathering System, LLC, 2009 WL 2487988 (W.D. La. 2009) and Adams v. Wal-Mart Stores, Inc., 2014 WL 2949404 (W.D. La. 2014).

Plaintiffs also contemplate adding new defendant Acelity, LP, Inc., which they describe as a "foreign entity" that is responsible for the KCI wound vac. Smith & Nephew states its belief that Acelity is a Texas corporation with its principal place of business in

Texas. (Online SEC filings and other resources indicate the company may actually be a non-operating holding company organized under Guernsey law with its principal executive offices in San Antonio.) Plaintiffs will need to determine whether they have the correct defendant and, if they elect to pursue it, make specific allegations about the form of entity and its citizenship. If Acelity (or whatever entity might be sued) is a Texas citizen and would destroy diversity, Plaintiffs will have to determine whether they wish to attempt to add them to the case. If they do, they will need to accompany their motion with a memorandum that makes their best case under the Hensgens factors.

The final newly proposed defendant is Universal Hospital Services, Inc., which is also identified as a "foreign entity" that leased to the hospital the two wound vac pumps used in the treatment. The name of this entity suggests that it is a corporation, which requires that the pleadings set forth with specificity (1) the state in which it is incorporated and (2) the state in which it is principal place of business.

Any proposed amended complaint must include specific allegations of citizenship for each new party. If Plaintiffs do not have the information necessary to make those allegations, they should say so and allege what they do know about the location/organization of the parties. They will then be required to promptly serve those parties so that the defendants may appear and provide the necessary information to determine their citizenship. If it is determined that they share Texas citizenship with Plaintiffs, the court will then have to decide under the Hensgens principles whether to (1) vacate the addition of the non-diverse

defendant or (2) allow the non-diverse defendant to remain and remand the case to state court.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 25th day of February, 2016.

_____
Mark L. Hornsby
U.S. Magistrate Judge